Judge Buckner
delivered the opinion of the court.
This was an action of covenant, prosecuted by Bodley against G. Beall, S. Beall, and A. Padgett, the said Bealls being sons, and Padgett the son-in-law, of Thomas A. Beall., deceased. The declaration avers, that on the 12th of December, 1803, a covenant of that date was entered into,between Thomas A. Beall of the one part, and Thomas Bpdley and pne James Hughes of the other; they, the said Bodley and Hughes, acting by-Benjamin Clarke, their agent. It then sets out the covenant alluded to at length, by which it is stipulated, that Clarke, as agent for Bod-ley and Hughes, sold to said T. A. Beall, one hundred and fifty acres of land, at the price of four dolíais per. acre; and it is' thereby stated,* that Béaíl then'paid, in the price of a negro woman and girl, «É130 in part for the land. It was thereby' also stipulated, that Beall should' pay the balancé of the pricp agreed op, by or before the 25th ¿f December, 1804; and (hat thfey Bodiey and .Hughes should execute to Beall a deed for the land, with warranty, to refund the money with interest, in c&se the land should be taken by a superior claim.
The'declarafi'on further avers, that on the 2d of ’August, 1827, (T. A. Beall and Hughes having previously departed this life,) a settlement of the amount *86 supposed to be due on said covenant, which had bee® mislaid so that it could not be then found, took place Bodley, G. and S. Beall,and Padgett, which is set forth in the following manner:
“ 1804, Thomas A. Beall,
To Thomas Bodley, Dté
To one hundred and fifty acres of land sold to you by B -njamin Clarke, agent for said Bodley, &c. out of Marshall’s 6052 acres survey, at 20s per acre, $500 00
Credit on the above:
By a negro woman named Ann and child, at $350, received by said Bodley at the time of contracting, and credited on the original agreement. 350 00
1805,
January, By cash paid Bodley, as per receipt, do do da do 4 50 100 00
454 50
Balance, $ 45 50
interest on this sum, from 7th ofFebruary,. ¶806, the date when the land was surveyed, until paid, say 2d August, 1827, 21 years, 5 months, and 26. days, 58 65
Balance due 2d August, 1827, $104 15”
At the foot of this settlement, a covenant dated 2d of August, 1827, was entered into, between Bodley of the one part, and G. Beall, S. Beall, and A. Padgett, of the other, in which they refer to it, and say, that a deed had been executed by Bodley to Beall’s heirs. Then follows this clause, “ But as the original agreement cannot now be found, it having, been left with Benjamin Clarke, it is agreed, that if there should be any error, in favor of or against either party, it shall be corrected when the original article of agreement, or any writing on the subject, shall be found to correct it by.”
It is further averred ih the declaration, which is based on this latter covenant, that the first mentioned Covenant had been found r and that, from it, errors i.o *87 the settlement referred are apparent; in this, that the tract of land of one hundred fifty-acres, was sold at the price of fpur dollars per acre, instead of 20s; that the negro woman and girl were received at the price of £130, instead of$350; and that the balance of the money due, as the price of said one hundred and fifty acres, and interest thereon, is greater than as stated in said account; of all which, the defendants, in the circuit court, had been duly notified. The breach averred is, that they had failed, and refused on request, to correct the errors aforesaid, and pay to Bodley the balance due on said account, when corrected by, and in conformity to, the aforesaid original covenant.
The defendants pleaded four pleas:
1st. That their ancestor, Thomas A. Beall, never did execute any such writing or agreement, as that supposed and set forth in the declaration.
2d. That the debt or balance claimed to he due, from Thomas A. Beall, deceased, to said Bodley and Hughes, on said covenant of the 12th of Dec, 1803, had been long since paid, which they were ready t6 Verify.
3d. As to the writingsued upon, they pleaded, cov* enants performed. \
4th. .That they had not been notified, that the covenant between Thomas A- Beall, and Bodley and Hughes had been found, and were not notified of, nor requested to, correct the alleged error, previous to the commencement of this suit.
To the first, second, and fourth pleas, demurrers were sustained. The cause was submitted to the jury upon an issue formed on the third, and a verdict returned for one hundred and fifty dollars and twenty cents, in damages.
A motion to instruct the jury, as in case of non-suit; and a .motion for a new trial, on the ground, that the demurrers had been improperly sustained; that th^' instruction asked for, had been erroneously refused; jand that the verdict was contrary to law and evidence, were overruled, and judgment entered for Bodley; to reverse which this writ of error is prosecuted.
The-errors assigned, relate to the same points relied on for a new trial.
Every covenant must be express or implied.
To create an oxpi'ess covenant, no technical words nor form of expression is
Any words in a writing, under the band and seal of a person,importing an agreement, is a covenant ; and a. seal is not now important.
On the demurrers to the pleas, the sufficiency of the declaration was presented for consideration; and if that was bad, the defendant in error ought not to have succeeded. For the plaintiif in error, it has been-insisted, that the covenant suedon contains no stipulation to pay money, unless one can be implied by law; and that-it is a-well settled principle, that there cannot be -any-implied covenant in relation to personal matters.’ ’
Every covenant must be express or implied. Those of the latter character are confined to real estate; but to create, an express covenant no technical words, nor forms'of expression, are necessary. Any words in a writing, under the hand and seal of the party, importing an agreement, will be a covenant; and a seal is not now important. Thus: 1 have purchased of K. a tract of land, supposed to be five-hundred .-acres, at four dollars per acre,” has been construed, to be a covenant to pay four dollars per acre for the land; Kendall vs. Talbot, II Bibb, 614. To enable the defendant in error to recover, in the present case,' it is not necessary to rely on an implied covenant, it w-ould be difficult, to read the covenant sued on, and come to any other conclusion, than that it is a covenant to pay the amount of any error in the settlement, which might he ascertained from an examination of the lost writing, or any other writing on the subject, when found. To rectify the error bv changing the figures only, would have been an idle act. Had Bodiey received more than he was entitled to, .he would have been bound, by the covenant sued on, to return it; if, on the contrary, he received less,'the plaintiffs in error were bound to pay the amount of the deficiency to him. it was cm that ground only, that he seems to have executed ffie deed to the heirs of Thomas A. Beall.
But we are of opinion,’that the court erred in sustaining the demurrers to the first and second pleas. The writing sued on shows that sortie other covenant, therein alluded to, had been executed, which, when found, might determine the accuracy or inaccuracy of the settlement; and if the settlement itself may be regarded, to show who the parlies were between whom it had been made, the plaintiffs in error had, *89 'nevertheless, a right to deny, as they did,' that' the writing dated December-1803, exhibited in the decía--ration, had been executed by their ancestor; because without it, the defendant in error could not have ■ported his declaration. It was an auxiliary to his action, the existence of which he had averred, and was bound to prove. The plaintiffs in error were not charged with having executed it; and,-in denying its execution, were not bound to do so on oath. Besides, if it was necessary to support the plea by their oaths, the defendant in error should have objected to its being filed without oath; and a demurrer was not the proper mode to take advantage of the omission.
Fiord and Reid, for plaintiffs; Haggin, for defendant.
If, however admitting the execution of the covenant of Dec. 1803, it had been discharged by payment, there could not have been any error in the settlement, to the injury of Bodley. The demurrer to the second plea was, therefore, erroneously sustained.
The demurrer to the fourth plea-was properly sustained.
The judgment of the circuit court must'be reversed, and the cause remanded for further proceedings, to be had in accordance with this opinion.